GUMERSINDA RIVERA ET AL., Appellants, *v.* THE REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1285. Submitted September 1, 1952.—Decided September 12, 1952.

*Andrés Mena Latorre* for petitioners. The Registrar appeared by brief.

Mr. Justice Ortiz delivered the opinion of the Court.

The spouses Ramón Piñeiro and Gumersinda Rivera presented in the Registry of Property of Caguas a deed of sale of a property located in the Cañabón Ward of Caguas. This deed was executed by the Municipality of Caguas in favor of appellants. The latter attached to the deed a certificate issued by the Municipal Secretary and Auditor of Caguas dated November 10, 1951, and a letter addressed to Mr. Andrés Mena Latorre, by the then Commissioner of the Interior, Jorge J. Jiménez, dated September 4, 1951.

On December 11, 1951 the Registrar of Property of Caguas refused to record the deed in question, entering instead a cautionary notice for 120 days, "because it appears from the Registry that the main property from which the lot sold was segregated is recorded in favor of the People of Puerto Rico, an entity other than the vendor, and because the documents presented are not sufficient to record the sale of said lot in favor of the purchaser Mrs. Piñeiro."

The above-mentioned spouses have appealed to this Court praying that the cautionary notice be set aside and alleging in support of their administrative appeal that the Registrar of Caguas ignored the documents which were attached to the deed of sale. The letter written by the Commissioner of the Interior reads as follows:

September 4, 1951

Mr. Andrés Mena Latorre
Attorney and Notary
P. O. Box 182
Caguas, Puerto Rico
Sir:

I acknowledge receipt of your letter of August 16 last, in which you request the subscribing Commissioner to authorize the Registrar of Property of Caguas to segregate and record in favor of Mr. Ramón Piñeiro a lot of 128 square meters located in the Santo Domingo Development of the Cañabón Ward of the Municipality of Caguas, which forms part of a one-cuerda parcel belonging to the People of Puerto Rico, since

said land formerly belonged to the Municipality of Caguas and was destined for school purposes in accordance with Act No. 76 of March 19, 1946.

In our opinion the proper thing to do is for the Mayor of Caguas to issue a certificate stating that the 128 square meters' lot did not belong to the Municipality of Caguas nor was it destined for school purposes, since as it appeared from Deed No. 23 of January 27, 1930 executed before Notary Antonio L. López, a copy of which you enclosed in your letter, the mentioned lot had been sold to said Mr. Piñeiro. This Department has no objection in stating that the said lot is not destined for school purposes as it was verified by our employees, who recently made an inspection of the premises finding in the said lot a frame house to be used as residence.

> Very truly yours,
> (signed)  Jorge J. Jiménez
> Commissioner.

The certificate issued by the Municipal Auditor and Secretary of Caguas reads thus:

"I further CERTIFY, that the said lot of ONE HUNDRED TWENTY-EIGHT SQUARE METERS did not belong to the Municipality of Caguas, nor was it destined for school purposes when the main property was conveyed to the People of Puerto Rico, inasmuch as the same had already been sold as it appears from the afore-mentioned Deed No. 23 of January 27, 1930."

The Registrar sets forth that on the date the deed of sale was presented for registration the lot or property object of the deed was recorded in favor of the People of Puerto Rico. That statement from the Registrar must be taken as true, especially since it has not been challenged by the appellant. The doctrine laid down in *Capó v. Registrar of Ponce*, 26 P.R.R. 346, is correct as thus stated:

"The Registrar having averred that the property sought to be recorded [is recorded] . . . in the name of a different person, and the said averment not having been disproved by the appellant, the decision appealed from should be affirmed."

Neither the certificate issued by the Auditor and Secretary of the Municipality of Caguas, nor the letter of the Commissioner of the Interior is sufficient to prove that the entries in the Registry were different from the ones informed by the Registrar, and the Registrar acted correctly in abiding by the Registry. Those documents are not sufficient to warrant this Court in disagreeing with the Registrar.

In *Mari* v. *Registrar*, 72 P.R.R. 830, it was established that an affidavit should not alter the facts appearing from the Registry. In that case the affidavit of a survey referred to facts which he knew of his own knowledge. Construing the certificate of the Secretary and Auditor of Caguas, in the most favorable light to appellant, it is pointed out therein that the lot object of this appeal does not actually belong to the People of Puerto Rico, since prior to the sale of the main property by the Municipality of Caguas to the People of Puerto Rico, the Municipality had already sold the lot in question to another person. But, according to the cautionary notice entered by the Registrar, such previous sale was not recorded nor was it entered in the Registry.

█ It is evident that pursuant to § 20 of the Mortgage Law, if a real property is recorded in favor of a person other than the person conveying or encumbering the property it constitutes an incurable defect which prevents the registration requested. *Fernández* v. *The Registrar of Property*, 8 P.R.R. 441; *Vidal* v. *The Registrar of Property*, 12 P.R.R. 163; *Morales* v. *The Registrar of Property*, 12 P.R.R. 155; *Zayas* v. *Registrar*, 46 P.R.R. 589; *Alvarez* v. *Registrar*, 57 P.R.R. 651. The case of *National City Bank of N. Y.* v. *Registrar*, 46 P.R.R. 79, is directly in point here. There it was held:

"Where a property sold at a tax sale is awarded to The People of Puerto Rico and the sale is recorded in its favor, no sale not made by the People can be recorded as long as such record subsists."

■ ■ In *Hernaiz Targa & Co., Succrs.* v. *Registrar,* 43 P.R.R. 65, it was held that a recordation in favor of heirs, whether properly or improperly made, is a bar to the registration of the conveyance in favor of a different person.

Neither from the Registry nor from the documents presented in this case it appears that the People of Puerto Rico had consented to changing the legal status in favor of the People of Puerto Rico and therefore the Registrar lacks power to change it without its consent and intervention. This last ruling is held in *Puffer* v. *Registrar,* 61 P.R.R. 37, stating:

". . . There can be no doubt in this case, with or without reason, that there really appears in the registry something that seems to be favorable to María Ana Otero Mahonés which may not be cancelled without her consent or by a judicial decree adverse to her."

See also *García* v. *Registrar of Ponce,* 33 P.R.R. 911 and *Roman Catholic Church* v. *Registrar,* 59 P.R.R. 109.

The Municipality of Caguas can not bind or represent effectively the People of Puerto Rico as to the situation involved in this case. It seems also evident that the letter of the former Commissioner of the Interior is not tantamount to, nor implies, an acquiescence on the part of the People of Puerto Rico that the entries in the Registry be changed.

Incidentally, in *Soto* v. *Registrar,* 58 P.R.R. 16, it is held that a Registrar is not bound to accept as valid and conclusive the statement made by a collector of internal revenue in a certificate of sale for the collection of taxes in regard to the existence of heirs or successors in interest of the taxpayer in default where it is not established, through official documents, that the taxpayer died, nor is the Registrar bound to accept statements from the collector who ignores facts which actually appear from the Registry.

The decision appealed from will be affirmed.

Mr. Chief Justice Todd, Jr., did not participate herein.